U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 FEB 12 A 10:13

CLERK OF COURT

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**　　　　　　26-C-232

Chloe "Mekah" Stingley,

Plaintiff,

v.

Administrative and Enforcement Officials of the Nashville Juvenile Court;
Officials of the Tennessee Department of Children's Services;
Officials of the Metro Nashville Police Department;
Officials of the Milwaukee Police Department; and
Officials of Wisconsin Child-Welfare Agencies and the Wisconsin Circuit Court,
all sued in their Official Capacities,

Defendants.

---

### FEDERAL CIVIL RIGHTS COMPLAINT

### FOURTEENTH AMENDMENT – PROCEDURAL & SUBSTANTIVE DUE PROCESS

### (42 U.S.C. § 1983)

---

## I. INTRODUCTION

1. This action seeks prospective declaratory and injunctive relief to halt ongoing violations of the United States Constitution arising from the unlawful seizure and continued separation of Plaintiff from her minor child, the coercive use of criminal process, and the denial of meaningful access to court.

2. Plaintiff does not seek appellate review of any state-court judgment. Rather, Plaintiff seeks federal protection from **ongoing constitutional injury** caused by state actors acting without jurisdiction, without due process, and through coercive misuse of enforcement mechanisms.

## II. JURISDICTION AND VENUE

3. This action arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5. Declaratory relief is authorized under 28 U.S.C. § 2201, and prospective injunctive relief is authorized under *Ex parte Young*.

6. Venue is proper in the Eastern District of Wisconsin because:

    a. The minor child's lawful home state is Wisconsin;

    b. Plaintiff resides in Wisconsin and continues to suffer injury here;

    c. Wisconsin law-enforcement and child-welfare officials executed and relied upon out-of-state enforcement actions within this District; and

    d. Ongoing enforcement of void orders affects Plaintiff's liberty, parental rights, and access to courts in Wisconsin.

## III. PARTIES

### A. Plaintiff

7. Plaintiff **Chloe "Mekah" Stingley** is the biological mother of the minor child and, at all relevant times, was the only legally recognized parent listed on the child's Wisconsin birth certificate.

### B. Defendants

#### 1. Nashville Juvenile Court Officials (Official Capacity)

8. Defendants include **administrative and judicial officers of the Nashville Juvenile Court**, sued in their official capacities, who are responsible for issuing, maintaining, and enforcing custody, placement, and enforcement orders affecting the minor child; exercising jurisdiction without lawful authority; denying Plaintiff meaningful access to court through coercive procedures and denial of remote appearance; and utilizing criminal and ancillary enforcement mechanisms to compel compliance with orders issued without subject-matter jurisdiction.
9. These Defendants are the **primary state actors responsible for the constitutional violations alleged**, including deprivation of Plaintiff's procedural due process rights, substantive due process rights, and fundamental right to familial integrity.

#### 2. Tennessee Department of Children's Services Officials (Official Capacity)

10. Defendants include **officials of the Tennessee Department of Children's Services ("TN DCS")**, sued in their official capacities, who acted **pursuant to and in reliance upon orders issued by the Nashville Juvenile Court**, including orders later shown to be void or jurisdictionally defective.

11. TN DCS officials are named **solely for prospective injunctive and declaratory relief**, to the extent they implemented removals, placements, or supervision directives based on juvenile-court orders and continue to act in reliance on the challenged orders.
12. Plaintiff does not allege that TN DCS independently initiated the jurisdictional violations, but rather that TN DCS's actions **perpetuated the ongoing constitutional harm** once unlawful orders were issued.

---

### 3. Metro Nashville Police Department Officials (Official Capacity)

13. Defendants include **officials of the Metro Nashville Police Department**, sued in their official capacities, who initiated and enforced a felony custodial-interference warrant, filed and maintained a missing-child report based on void custody orders, and used criminal enforcement to compel compliance with civil orders issued without jurisdiction.

---

### 4. Milwaukee Police Department Officials (Official Capacity)

14. Defendants include **officials of the Milwaukee Police Department**, sued in their official capacities, who executed the seizure of the minor child within Wisconsin in reliance on out-of-state orders issued without lawful jurisdiction and without a valid Wisconsin court order.

---

### 5. Wisconsin Child-Welfare and Court Officials (Official Capacity)

15. Defendants include **officials of Wisconsin child-welfare agencies and administrative officers of the Wisconsin Circuit Court**, sued in their official capacities, who accepted and relied upon contested Tennessee orders to dismiss Plaintiff's Wisconsin action without a functioning Guardian ad Litem process and thereby contributed to the continuation of unconstitutional enforcement.

### C. Ex Parte Young Basis

16. All Defendants are sued **solely in their official capacities for prospective declaratory and injunctive relief** to halt ongoing violations of federal constitutional rights.

## IV. CORE CONSTITUTIONAL THEORY

17. This case concerns **ongoing and continuing violations** of the Fourteenth Amendment by state actors in Tennessee and Wisconsin who, acting under color of state law:
    a. Procured and enforced custody and criminal orders through fraud and material misrepresentations;
    b. Exercised jurisdiction without statutory authority;
    c. Used the criminal process coercively to enforce void civil orders;
    d. Denied Plaintiff meaningful access to court; and
    e. Deprived Plaintiff of fundamental parental rights without due process of law.
18. These violations are **not historical**. They are active, continuing, and irreparable.

## V. FACTUAL ALLEGATIONS

### A. Fraudulent Origin of Tennessee Proceedings

19. The Tennessee custody proceedings were initiated through a petition that contained material misrepresentations and omissions, including false assertions that Plaintiff had "absconded" or unlawfully removed the minor child, despite the absence of any custody, placement, or restraint orders in existence at the time Plaintiff returned to Wisconsin.

19(a). The initial petition further omitted the reason Plaintiff returned to Wisconsin with the minor child, including Plaintiff's documented concerns regarding abuse and coercive conduct by

the alleged father, and was filed without any meaningful investigation into those allegations prior to the exercise of jurisdiction, entry of emergency orders, or initiation of criminal enforcement.

20. Absent these misrepresentations and omissions, Tennessee lacked subject-matter jurisdiction from the outset.
21. All subsequent Tennessee orders flowed directly from this defective invocation of jurisdiction.

**21(a).** The continued exercise of authority over Plaintiff and the minor child, based solely on prolonged proceedings arising from a jurisdictionally defective petition, has **perpetuated—not cured—the underlying constitutional violations**.

### B. Proceedings Without Jurisdiction and Coercive Enforcement

22. Tennessee courts proceeded without adjudicating jurisdiction and continued exercising authority despite facial jurisdictional defects.
23. Emergency and enforcement orders were entered without exigent circumstances and without verified evidence of immediate danger.
24. Plaintiff was forced to litigate under coercion, including threats of arrest, punitive procedural measures, and denial of safe access to court.

### C. Absence of Legal Parentage and Foster Placement

25. For an extended period, no lawful parentage order existed, yet state actors treated a non-parent as having custodial authority.
26. The minor child was placed into foster care and retained outside the lawful home state based on orders issued without jurisdiction.

### D. Unconstitutional Seizure in Wisconsin

27. After Plaintiff retained the minor child for protection from ongoing harm, Wisconsin law-enforcement officers seized the minor child from Plaintiff within Wisconsin.
28. At the time of the seizure, Plaintiff was the only legally recognized parent.
29. The seizure was executed without a valid Wisconsin court order and in reliance on void out-of-state orders.
30. The seizure constituted an unreasonable seizure and a deprivation of familial integrity without due process of law.

### E. Criminalization of Parenting and Ongoing Enforcement

31. State actors initiated and continue to maintain a felony custodial-interference warrant against Plaintiff based solely on void civil orders.
32. Plaintiff has been ordered to appear in person in Tennessee while denied remote appearance, effectively conditioning access to court on surrender and arrest.
33. A Guardian ad Litem has recommended no contact between Plaintiff and the minor child without findings of danger.

### F. Wisconsin Proceedings and Reliance on Void Tennessee Orders

34. Plaintiff initiated proceedings in Wisconsin, the child's lawful home state.
35. A Guardian ad Litem was appointed but failed to interview any party, review pleadings, or assess jurisdictional evidence.
36. Despite the absence of investigation, the Wisconsin court relied on a contested Tennessee parentage order to resolve threshold issues affecting Plaintiff's parental rights.
37. The Wisconsin court dismissed Plaintiff's case without adjudicating jurisdictional challenges or addressing the lack of lawful authority at the time of seizure.
38. Wisconsin state actors thereby deferred to and enforced void Tennessee orders, contributing to the ongoing constitutional injury.

## VI. CLAIMS FOR RELIEF

### (42 U.S.C. § 1983 – Fourteenth Amendment)

39. Defendants acted under color of state law.
40. Defendants deprived Plaintiff of liberty and parental rights without procedural due process.
41. Defendants deprived Plaintiff of substantive due process by interfering with the parent-child relationship absent lawful authority.
42. Defendants denied Plaintiff meaningful access to court through coercive criminal enforcement and procedural obstruction.
43. Defendants' actions constitute ongoing constitutional violations causing irreparable harm.

## VII. REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff respectfully requests that the Court:

A. Declare that the ongoing enforcement of custody and criminal orders issued without jurisdiction violates the Fourteenth Amendment;

B. Enjoin enforcement of the felony custodial-interference warrant;

C. Enjoin Defendants from enforcing or relying upon void custody or enforcement orders;

D. Order Defendants to afford Plaintiff meaningful procedural due process before further deprivation of liberty or parental rights;

E. Preserve and restore the last lawful status quo ante, defined as Plaintiff's primary care and placement of the minor child as the only legally recognized parent, pending lawful proceedings; and

F. Grant such other relief as the Court deems just and proper.

8

## VIII. DAMAGES (PRESERVED)

44. Plaintiff seeks compensatory damages, including damages for emotional distress and loss of familial association, to the extent permitted by law.

## IX. JURY DEMAND

45. Plaintiff demands a jury trial on all issues so triable.

## X. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 2/12/2026

Signature: _____
**Chloe "Mekah" Stingley**
Plaintiff, Pro Se