CHLOE "MEKAH" STINGLEY,

        Plaintiff,

                            Case No. 26-cv-232-pp

    v.

ADMINISTRATIVE AND ENFORCEMENT OFFICIALS
OF THE NASHVILLE JUVENILE COURT,
OFFICIALS OF THE TENNESSEE DEPARTMENT
OF CHILDREN'S SERVICES,
OFFICIALS OF THE METRO NASHVILLE
POLICE DEPARTMENT,
OFFICIALS OF THE MILWAUKEE POLICE DEPARTMENT,
OFFICIALS OF THE WISCONSIN CHILD WELFARE AGENCIES
and THE WISCONSIN CIRCUIT COURT,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT
PREPAYING THE FILING FEE (DKT. NO. 5), DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER (DKT. NO. 2), SCREENING
COMPLAINT AND DISMISSING CASE FOR LACK OF JURISDICTION**

---

On February 12, 2026, the plaintiff—who is representing herself—filed a complaint, dkt. no. 1, a motion for a temporary restraining order, dkt. no. 2, and a request to proceed without prepaying the filing fee, dkt. no. 5. The complaint alleges that the defendants violated the plaintiff's constitutional rights through "the unlawful seizure and continued separation of Plaintiff from her minor child, the coercive use of criminal process, and the denial of meaningful access to court." Dkt. No. 1 at ¶1. The plaintiff then filed a second

1

motion for temporary restraining order and to stay the enforcement of a state court order. Dkt. No. 8.

The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee but will dismiss the case because this court lacks jurisdiction to hear the plaintiff's claims. The court also will deny the plaintiff's motions for temporary restraining orders.

**I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 5)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose her financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit states that she is unmarried with three dependents she supports. Dkt. No. 5 at 1. She states that she is employed and earns $2,500 per month from work as well as $1,400 per month in child support payments. Id. at 1–2. The plaintiff's income is offset by her stated $2,700 in monthly expenses, which includes $1,500 in support for her dependents, $800 in rent and $400 in other household expenses. Id. at 1–3. The plaintiff states that she does not own a car, home or any other property of value and has no funds in cash or in a checking or savings account. Id. at 3–4. The plaintiff avers that she has incurred additional expenses traveling to

2

Tennessee to visit her daughter and attend court, as well as "thousands of dollars" to various attorneys "who were all negligent in their representation of [her]." Id. at 4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant her motion for leave to proceed without doing so. The court advises the plaintiff, however, that she still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as she is able.

## II. Screening the Complaint

### A. Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant,

"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

### B.   The Complaint

The plaintiff alleges that she is seeking declaratory and injunctive relief to halt "ongoing constitutional injury caused by state actors acting without jurisdiction, without due process, and through coercive misuse of enforcement mechanisms." Dkt. No. 1 at ¶¶1–2. These claims arise out of a child custody dispute. Id. at ¶19.

The plaintiff identifies several defendants in general terms. First, she sues the "administrative and judicial officers of the Nashville Juvenile Court" who are responsible for "issuing, maintaining, and enforcing custody, placement, and enforcement orders affecting the minor child." Id. at ¶8. She

4

alleges that these defendants are the "primary state actors responsible for the constitutional violations alleged," namely the deprivation of her procedural and substantive due process rights and her right to familial integrity. Id. at ¶9. Next, she sues "officials of the Tennessee Department of Children's Services" for enforcing the "void or jurisdictionally defective" orders of the Nashville Juvenile Court. Id. at ¶10. She clarifies that she believes that these officials "perpetuated the ongoing constitutional harm" initiated by the court's unlawful orders. Id. at ¶12. The plaintiff sues "officials of the Metro Nashville Police Department" who allegedly executed a "felony custodial-interference warrant," maintained a missing child report for the plaintiff's child and "used criminal enforcement to compel compliance" with the state court's orders. Id. at ¶13. She alleges that "officials of the Milwaukee Police Department" executed an unlawful seizure of her child in Wisconsin without a valid Wisconsin court order. Id. at ¶14. Finally, she sues "officials of Wisconsin child-welfare agencies and administrative officers of the Wisconsin Circuit Court" who allegedly relied on the Tennessee court's orders to dismiss the plaintiff's action in Wisconsin, "thereby contribut[ing] to the continuation of unconstitutional enforcement." Id. at ¶15.

The plaintiff alleges that an unnamed individual filed a child custody petition in Tennessee state court, asserting that the plaintiff improperly had removed her minor child from Tennessee to Wisconsin. Id. at ¶19. The plaintiff alleges that she left Tennessee with her child due to the child's father's abusive and coercive conduct. Id. at ¶19(a). The plaintiff alleges that the Tennessee

5

court lacked subject-matter jurisdiction to hear the custody petition at the outset and exercised jurisdiction based only on "misrepresentations and omissions." Id. at ¶20. She alleges that all the challenged Tennessee state court orders are a direct result of this "defective invocation of jurisdiction." Id. at ¶21. She does not specify why the court allegedly lacked jurisdiction over the custody petition.

The plaintiff alleges that the Tennessee court did not address the jurisdictional defects and instead issued emergency enforcement orders without evidence of immediate danger. Id. at ¶¶22–23. The plaintiff alleges that there was no lawful parentage order in place, but that "state actors treated a non-parent as having custodial authority." Id. at ¶25. The plaintiff asserts that as a result of the allegedly unlawful court orders, her child was placed into foster care outside her home state. Id. at ¶26. The plaintiff alleges that she was the only legally recognized parent and that she "retained the minor child for protection from ongoing harm," but that Wisconsin law enforcement seized the child within Wisconsin. Id. at ¶¶27–28. She alleges that this seizure was executed without a valid Wisconsin court order and that it constituted an unreasonable seizure. Id. at ¶30.

The plaintiff alleges that because of the invalid Tennessee court orders, she is subject to an outstanding felony custodial interference warrant. Id. at ¶31. She alleges that she has been ordered to appear in person for Tennessee state court proceedings, which she believes will result in her arrest on the outstanding warrant. Id. at ¶32. She alleges that a guardian *ad litem* has

6

recommended that the plaintiff have no contact with her child despite no "findings of danger." Id. at ¶33.

The plaintiff alleges that she initiated parallel proceedings in Wisconsin state court. Id. at ¶34. She asserts that the Wisconsin court appointed a guardian *ad litem*, but that the guardian failed to investigate the plaintiff's claims of jurisdictional defects. Id. at ¶35. The plaintiff asserts that the Wisconsin court dismissed her case without addressing the jurisdictional challenge, relying on the Tennessee state court's parentage order. Id. at ¶¶36–37.

The plaintiff brings a §1983 claim against all defendants, alleging that they violated her Fourteenth Amendment rights. Id. at ¶¶39–43. She asks the court to declare that the Tennessee court's custody and criminal orders were issued without jurisdiction in violation of the Fourteenth Amendment; enjoin the enforcement of the felony custodial-interference warrant; enjoin the defendants from enforcing the Tennessee court's void orders; order the defendants to provide the plaintiff procedural due process; and restore the plaintiff's child to her custody "pending lawful proceedings." Id. at 8.

C.   Analysis

The court must dismiss the plaintiff's complaint because the court lacks jurisdiction to hear her claims. Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to

consider and decide cases that involve violations of federal law or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of state law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

The plaintiff asserts that she is suing for violations of the federal Constitution. But "the domestic-relations exception to federal jurisdiction blocks federal adjudication of cases involving 'divorce, alimony, and child custody decrees.'" Syph v. Arce, 772 F. App'x 356, 357 (7th Cir. 2019) (quoting Marshall v. Marshall, 547 U.S. 293, 307-08 (2006)); Friedlander v. Friedlander, 149 F.3d 739, 740 (7th Cir. 1998). "State courts are assumed to have developed a core proficiency in probate and domestic relations matters and they can decide federal questions at the same time." Syph, 772 F. App'x at 357 (citing Sykes v. Cook Cnty. Cir. Ct. Probate Div., 837 F.3d 736, 741 (7th Cir. 2016)). The plaintiff alleges that all the harm she has suffered flows from the allegedly invalid custody orders issued by the Tennessee state court. Because the plaintiff's claims relate to the validity of child custody orders, her lawsuit falls squarely within the domestic-relations exception to federal jurisdiction. See, *e.g.*, Gmeiner v. Wienke, Case No. 22-C-1247, 2022 WL 14637242, at *1 (E.D. Wis. Oct. 25, 2022) (dismissing case for lack of jurisdiction where the plaintiffs alleged that they were deprived of parental rights without due process and sought to challenge the child custody determination).

8

Because the court has no jurisdiction, it cannot consider the merits of the plaintiff's claims. The plaintiff must challenge the child custody proceedings in state court. See T.W. by Enk v. Brophy, 124 F.3d 893 (7th Cir. 1997) (explaining that dispute over Wisconsin court's custody decree could be refiled in Wisconsin state court). The plaintiff must seek relief challenging the state court's orders "through the state court system and ultimately to the Supreme Court." Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999) (citing Centres, Inc. v. Town of Brookfield, 148 F.3d 699, 701–02 (7th Cir. 1998)).

Although district courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is certain' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). Here, amendment would be futile; the court does not have jurisdiction over the plaintiff's child custody dispute because of the domestic-relations exception to federal jurisdiction. Because the court is dismissing the plaintiff's case, it also will deny her motions for temporary restraining orders.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **DENIES** the plaintiff's motions for temporary restraining order. Dkt. Nos. 2, 8.

The court **ORDERS** that the complaint is **DISMISSED** for lack of jurisdiction. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of March, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

10